IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>   Plaintiff,<br><br>   v.<br><br>SERENITY HOME HEALTHCARE, LLC;<br>SERENITY HOME HEALTHCARE – NORFOLK,<br>LLC; SERENITY HOME HEALTHCARE –<br>WARRENTON, LLC;<br>SERENITY HOME HEALTHCARE –<br>STERLING, LLC;<br>HILDIGARD NANA OFORI, and<br>ARAFAT SHEIKHADAM,<br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 1:22-cv-803

**COMPLAINT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Serenity Home Healthcare, LLC; Serenity Home Healthcare – Norfolk, LLC; Serenity Home Healthcare – Warrenton, LLC; Serenity Home Healthcare – Sterling, LLC; and Hildigard Nana Ofori, individually as owner and administrator of the aforementioned companies, and Arafat Sheikhadam, individually and as general manager of the aforementioned companies (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants

pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Serenity Home Healthcare, LLC is, and at all times hereinafter referenced was, a Virginia corporation with a registered address and principal place of business at 3130 Golansky Blvd, Suite 101, Woodbridge, VA 22192-4263, which is within the jurisdiction and venue of this Court.

3. Defendant Serenity Home Healthcare – Norfolk, LLC is, and at all times hereinafter referenced was, a Virginia corporation with a registered address and principal place of business at 249 E Little Creek Rd, Suite 201, Norfolk, VA 23505-2515, which is within the jurisdiction of this Court.  Venue is proper in the United States District Court for the Eastern District of Virginia, Alexandria Division because a substantial part of the events and omission giving rise to the claims asserted herein occurred within this judicial district.

4. Defendant Serenity Home Healthcare – Warrenton, LLC is, and at all times hereinafter referenced was, a Virginia corporation with a registered office address of 3130 Golansky Blvd Ste 101, Woodbridge, VA, 22192-4268; and principal place of business at 195 Keith Street, Suite 3, Warrenton, VA, 20186-3231, which is within the jurisdiction and venue of this Court.

5. Defendant Serenity Home Healthcare – Sterling, LLC is, and at all times hereinafter referenced was, a Virginia corporation with a registered address and principal place of business at 100 Executive Drive, Suite A2, Sterling, VA 20166-9507, which is within the jurisdiction and venue of this Court.

6. Defendant Hildigard Nana Ofori ("Ofori"), is, and at all times hereinafter referenced was, the owner and administrator of the corporations identified in Paragraphs 2 through 5 and resides at 72 Brentsmill Drive, Stafford, Virginia, which is within the jurisdiction and venue of this Court. Defendant Ofori, does, and at all times hereinafter mentioned, did business in Virginia, as she manages the daily operations and directs employment practices of the Defendants Serenity Home Healthcare, LLC; Serenity Home Healthcare – Norfolk, LLC; Serenity Home Healthcare – Warrenton, LLC; and Serenity Home Healthcare – Sterling, LLC (collectively, "Serenity"), which are within the venue and jurisdiction of this Court. Defendant Ofori is, and at all times hereinafter mentioned was, actively involved in the day-to-day operations of the businesses, including supervising employees, hiring and firing employees, and setting pay rates and policies for employees. Defendant Ofori acts directly or indirectly in the interest of Serenity in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

7. Defendant Arafat Sheikhadam ("Sheikhadam"), is, and at all times hereinafter referenced was, the General Manager of the corporations identified in Paragraphs 2 through 5 and resides at 1536 Grossbeak Court, Woodbridge, VA, which is within the jurisdiction of this Court. Defendant Sheikhadam does, and at all times hereinafter mentioned, did business in Virginia, as she manages the daily operations and directs employment practices of Serenity. Defendant Sheikhadam is, and at all times hereinafter mentioned was, actively involved in the day-to-day operations of the business, including supervising employees, hiring and firing employees, and preparing paychecks for employees. Defendant Sheikhadam acts directly or indirectly in the interest of Serenity in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) the providing of in-home health care services, in furtherance of the business purposes of Defendants' unified business entity.

9. At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce. Further, at all times relevant herein, Defendants have had annual gross volume sales made or done in an amount not less than $500,000, thereby affording coverage to all of their employees pursuant to Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203 (s)(1)(A)(ii).

10. At all times hereinafter mentioned, Defendants have been third party employers of home aides. These home aides work directly for the Defendants and not for the consumers for whom they are providing these home services. These home services are considered "domestic service" as defined in 29 C.F.R. § 552.3 because they are "services of a household nature" performed "in or about a private home." Therefore, these employees are covered by Section 2(a) of the Act and as defined in 29 C.F.R. § 552.3.

11. From at least November 24, 2019 until at least November 14, 2021 ("Relevant Period"), Defendants employed the individuals listed in the attached Schedule A (collectively referred to herein as "employees") including certified nursing assistants ("CNAs") and personal care aides ("PCAs"), at some point during the Relevant Period.

12. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, by employing their employees, including CNAs and PCAs, in an enterprise engaged in commerce for workweeks longer that those prescribed in Section 7 of the Act without

compensating said employees for hours worked over forty (40) in a workweek at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

    a.    For example, during the Relevant Period, Defendants failed to compensate certain non-exempt employees, including CNAs and PCAs, who worked over forty (40) hours in a workweek at one and one-half times their regular rate. Instead, Defendants paid these employees between $8.00 and $23.00 per hour for all hours worked. These employees did not receive time and one-half their regular rate for all hours worked over forty in a workweek.

    13.    Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to make, keep and preserve adequate and accurate records of their employees' wages, hours and other conditions of employment, as required by the regulations issued and found at 29 C.F.R. Part 516.

    a.    For example, Defendants failed to keep and preserve payroll records for employees for at least three years, including an accurate records of employees' total weekly straight-time earnings and total weekly overtime premium pay. 29 C.F.R. §§ 516.2(a), 516.5(a).

    14.    As a result of the willful violations alleged above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Sections 7 of the Act for the employees named in Schedule A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and

continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to Plaintiff.

15. During the investigative period, Defendants continually and willfully violated the provisions of the Act as alleged above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and,

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least November 24, 2019 until November 14, 2021, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after November 14, 2021, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3) For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with

defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees;

(4) In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | UNITED STATES DEPARTMENT OF LABOR |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103<br>(215) 861-5037 (voice)<br>(215) 861-5162 (fax)<br>lewis.ryma@dol.gov<br>aaron.deirdre.a@dol.gov | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor<br><br>/s/ *Ryma N. Lewis*<br>Ryma N. Lewis<br>Regional Counsel<br>VA State Bar # 83322<br><br>/s/ *Deirdre Aaron*<br>Deirdre Aaron<br>Trial Attorney<br>PA ID # 323389<br>*Pro hac vice pending* |
| Date: July 15, 2022 | Attorneys for Plaintiff |