IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MARTIN J WALSH<br>SECRETARY OF LABOR<br>U.S. DEPARTMENT OF LABOR<br><br>        Plaintiff,<br>  v.<br><br>SERENITY HOME HEALTHCARE, LLC<br>SERENITY HOME HEALTHCARE-<br>NORFOLK, LLC;<br>SERENITY HOME HEALTHCARE-<br>WARRENTON, LLC<br>SERENITY HOME HEALTHCARE-<br>STERLING, LLC<br>HILDIGARD NANA OFORI<br>ARAFAT SHEIKHADAM<br><br>        Defendants. | Case No.: 1:22-cv-803 |

### DEFENDANTS' ANSWER TO PLAINTIFF'S CONPLAINT

COMES NOW Defendants by counsel, and for their Answer to Plaintiff's Complaint, hereby states as follows:

1. The Defendants lack the knowledge or information to form a belief as to the truth of the allegation in Paragraph 1. To the extent a response is required, the allegations in Paragraph 1 is denied.

2. Admit that the allegation in Paragraph 2 is true.

3. The Defendants lack the knowledge or information to form a belief as to the truth of the allegation in Paragraph 3. To the extent a response is required, the allegations in Paragraph 3 are denied. Denied that Jurisdiction and Venue is within this District.

4. Admit that the allegation in Paragraph 4 is true.

1

5. Admit that the allegations in Paragraph 5 is true.

6. The Defendants lack the knowledge or information to form a belief as to the truth of the allegation in Paragraph 6. To the extent a response is required, the allegations in Paragraph 6 are denied with respect to the alleged employees attached as Schedule A.

7. The Defendants lack the knowledge or information to form a belief as to the truth of the allegation in Paragraph 7. To the extent a response is required, the allegations in Paragraph 7 are denied with respect to the alleged employees attached as Schedule A.

8. The allegation contained in Paragraph 8 is a legal conclusion that does not require a response. To the extent a response is required, the allegations in Paragraph 8 are denied

9. The allegation contained in Paragraph 9 is a legal conclusion that does not require a response. To the extent a response is required, the allegations in Paragraph 8 are denied.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied.

12. The allegation contained in Paragraph 12 is a legal conclusion that does not require a response. To the extent a response is required, the allegation in Paragraph 12 is denied.

13. The allegation contained in Paragraph 13 is a legal conclusion that does not require a response. To the extent a response is required, the allegation in Paragraph 13 is denied.

14. The allegation contained in Paragraph 14 is a legal conclusion that does not require a response. To the extent a response is required, the allegation in Paragraph 14 is denied.

15. The allegation contained in Paragraph 15 is denied.

16. All the paragraphs containing WHEREFORE clauses in the Complaint and the relief requested, along with any other unnumbered paragraph, are Denied.

## GROUNDS OF DEFENSE AND AFFIRMATIVE DEFENSES

1. Defendants are not Employers of the Care Providers Listed in Schedule A of Plaintiff's complaint.

2. The Care Providers listed in attached Schedule A are Family and household care providers exempt from overtime pay as they are live-in domestic workers under Section 13(b)(21) of the FSLA.

3. The Care Provider listed in the attached Schedule A of Plaintiff's complaint are not economically dependent on Defendants.

4. There is both a familial or household relationship and employment relationship, and Plaintiff has jurisdiction only over hours worked within the scope of the employment relationship covered under the FLSA.

5. The Care Recipient are members in a Medicaid Funded program and certain other publicly funded programs offering Home Care Services under the FLSA.

6. In the event that Defendants were to be deemed to be the employer of any individuals identified in Schedule A attached to this Complaint, which Defendants expressly deny, any alleged failure to pay overtime by Defendants were not willful, and thus a two-year limitations period applies to any FLSA claims pursuant to 29 U.S.C. §255. Further, the two-year statute of limitations applicable to FLSA claims under 29 U.S.C. §255 bars any claims, in whole or in part, beyond such period.

7. If Defendant is deemed to be the employer of any individuals identified in Schedule A attached to this Complaint, or are found to have failed to pay such individuals any overtime allegedly due, all of which Defendants expressly deny, any alleged acts or omissions of Defendants were in good faith, and Defendants had reasonable grounds for believing that any alleged acts or

omissions were not violations of the FLSA, and thus liquidated damages are not appropriate. 29 U.S.C. §§216, 260.

8. If Defendant is deemed to be the employer of any individuals identified in Schedule A attached to this Complaint, or are found to have violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§211(c) and 215(a)(15), by failing to make, keep and preserve adequate records of employee wages, hours and other condition of employment, all of which Defendants expressly deny, any alleged acts or omissions of Defendants were in good faith, and Defendants had reasonable grounds for believing that any alleged acts or omissions were not violations of the FLSA and complied with 29 C.F.R. Part 516.

9. Plaintiff's claims, individually or on behalf of individuals identified in Schedule A attached to this Complaint, are not actionable to the extent that the alleged violation of law is de minimis.

WHEREFORE, Defendants pray that judgment be entered as follows:

(1) That this Court enter judgment in favor of Defendants and against Plaintiff and that the Complaint be dismissed with prejudice;

(2) That this Court award Defendants their attorneys' fees and costs; and

(3) That this Court grant Defendant such further relief as is just and appropriate.

**TRIAL BY JURY IS DEMANDED**

        Respectfully submitted by,
        SERENITY HOME HEALTHCARE, LLC, ET. AL
        By Counsel

        /s/ Zach Miller
        Zach Miller, VA Bar No. 85860
        McClanahan Powers, PLLC

        3160 Fairview Park Drive
        Falls Church, Virginia 22042
        Tel: (703) 520-1326
        Fax: (703) 828-0205
        zmiller@mcplegal.com
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on 16 day of September 2022, he caused to be served Defendants' Answer to Plaintiff' Complaint via the Court's ECF filing system which will serve all counsel of record.

        By: /s/   Zach Miller_____
            Zach Miller, Esq.