IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARTIN J. WALSH, ) | |
| SECRETARY OF LABOR, ) | |
| UNITED STATES DEPARTMENT OF LABOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-803 |
| ) | |
| SERENITY HOME HEALTHCARE, LLC; ) | |
| SERENITY HOME HEALTHCARE – NORFOLK,) | |
| LLC; SERENITY HOME HEALTHCARE – ) | |
| WARRENTON, LLC; ) | |
| SERENITY HOME HEALTHCARE – ) | |
| STERLING, LLC; ) | |
| HILDIGARD NANA OFORI, and ) | |
| ARAFAT SHEIKHADAM, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES AND OVERRULE OBJECTIONS**

Plaintiff requests the Court compel the Defendants to provide full and complete written responses and produce all responsive documents to Plaintiff's Document Requests and Interrogatories.[1] On October 19, 2022, Plaintiff propounded discovery requests on Defendants; however, to date, Defendants have failed to provide a number of responsive documents, including but not limited to, company memoranda related to the compensation policies at issue which Defendants identified during their recent depositions. These documents were requested in Plaintiff's Document Requests and are directly at issue in this matter; however, Defendants continue to withhold from their production. Additionally, Defendants' written discovery

---

[1] CERTIFICATION: Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37(E), counsel for Plaintiff conferred with Defendants' counsel multiple times via telephone, email, in writing, and in-person, in a good faith effort to resolve the discovery matters that are the subject of this motion

1

responses to Plaintiff's First Set of Interrogatories Numbers 20-25, which relate to Defendants' affirmative defense that they relied on the advice of counsel in their implementation of the unlawful compensation policies at issue, are unresponsive and incomplete as Defendants have failed to provide any information or documentation concerning the alleged attorney consultations.

During the parties' efforts to resolve this discovery issue prior to filing this Motion, Defendants have not relied on any objections for their failure to fully and completely respond to Plaintiff's discovery requests. However, to the extent Defendants are withholding the requested discovery based on any previously asserted objections, the objections are without merit and should be overruled.

Plaintiff's many attempts to resolve the discovery issues without court intervention, as described below, have not resulted in Defendants' production of all the responsive documents or full and complete interrogatory responses. In light of the discovery cut-off date of February 10, 2023, Plaintiff respectfully requests that the Court grant his motion to compel and order Defendants to provide all responsive information and documents within seven (7) days from the date of the hearing on this Motion.

**I.        Factual History**

On July 15, 2022, Plaintiff filed a complaint alleging Defendants violated Sections 7, 11, and 15 of the Fair Labor Standards Act ("FLSA" or "Act"). *See* ECF No. 1. Specifically, the Complaint alleges Defendants failed to pay the overtime premium to their employees for hours worked over forty (40) in a workweek. *Id.*, ¶ 12. In addition, Defendants failed to maintain and preserve adequate records of their employees' wages, hours, and other conditions of employment. *Id.*, ¶ 13.

On October 19, 2022, Plaintiff propounded written discovery on all Defendants. It

included Plaintiff's First Set of Interrogatories, First Requests for Admissions, and First Requests for Production of Documents ("Plaintiff's Discovery Requests"). *See* Ex. 1, Plaintiff's Discovery Requests. Defendants provided objections to Plaintiff's Discovery Requests on November 4, 2022, and their discovery responses were due on November 18, 2022. On November 16, 2022, Defendants requested a one-week extension to provide their discovery responses, and Plaintiff agreed. On November 28, 2022, Plaintiff received Defendants' written responses to the Interrogatories and Request for Production, but Defendants failed to provide *any* documents with their responses. *See* Ex. 2, Defendants' Responses to Plaintiff's First Set of Interrogatories; Ex. 3, Defendants' Responses to Plaintiff's First Request for Production of Documents. On November 29, 2022, Plaintiff sent Defendants' counsel an email, noting that Defendants failed to produce all documents and any privilege log with their production. *See* Ex. 4, Plaintiff's Correspondence dated November 29, 2022.

Due to the patent insufficiency of Defendants' November 28th discovery responses, the complete lack of any document production, and the improper objections to certain discovery requests, Plaintiff's counsel engaged in substantial efforts to meet and confer with Defendants' counsel in order to resolve Defendants' discovery response deficiencies. On November 30, 2022, pursuant to Local Civil Rule 37(E), the undersigned sent a letter addressing Defendants' objections. *See* Ex. 5, Plaintiff's Letter dated November 30, 2022. In response to Plaintiff's letter, Defendants sent their privilege log, and stated that they intended to provide their document production by December 2, 2022. *See* Ex. 6, Defendants' Correspondence dated November 30, 2022. On December 2, 2022, rather than provide a document production, Defendants' counsel emailed Plaintiff stating that they intended to produce "some plans of care and company tax documents," but stated there would be a "rolling production." *See* Ex. 7, Defendants' Correspondence dated December 2, 2022.

3

Given the discovery deadline, the upcoming depositions, and Defendants' failure to produce basic documentation which required little effort by Defendants to produce (*e.g.*, electronic payroll register records), Plaintiff objected to Defendants' rolling production and reiterated a request for a meet and confer conference. *See* Ex. 8, Plaintiff's Correspondence dated December 3, 2022. Thereafter, Defendants produced tax returns for Serenity Home Healthcare, LLC for years 2019 - 2022, and plans of care for certain clients, without identifying the discovery request(s) for which Defendants were producing the plans of care. On December 5, 2022, Plaintiff sent a second letter, detailing the continued insufficiency of Defendants' discovery responses and document production. *See* Ex. 9, Plaintiff's Letter dated December 5, 2022. On December 6, 2022, the parties discussed each deficiency related to the interrogatory responses and the production of documents via telephone. Defendants' counsel agreed to supplement the interrogatory responses and produce additional discovery by Friday, December 9, 2022.

On December 9, 2022, Defendants supplemented their responses to the interrogatories, but this response still failed to correct most of the deficiencies identified by Plaintiff in the detailed letters to Defendants (i.e., Defendants only cited to statutes or agencies in charge of governing Medicaid or FLSA, instead of actually answering questions about their own policies and procedures).[2] *See* Ex. 10, Defendants' Supplemental Responses. Defendants also produced certain documents, but their production was severely lacking (*e.g.*, Defendants failed to produce, among other things, all 2019 payroll register records, any company memoranda related to the compensation policies or practices at issue, an organizational chart, tax returns for other Serenity entities and named Defendants). Defendants also failed to update their written responses to

---

[2] In providing supplemental responses to the interrogatories, Defendants also failed to comply with Federal Rules of Civil Procedure 33, which requires each interrogatory to be answered under oath and signed by the party. Fed. R. Civ. P. 33(b)(1)-(2).

identify by bates number(s) the documents produced in response to each request.

Between December 12, 2022 and December 15, 2022, Plaintiff conducted corporate and individual depositions, during which Plaintiff learned that most of the documents Plaintiff requested in his Request for Production of Documents exist, but they had not been provided to Plaintiff and/or Defendants had not even searched for the responsive records. Given the deficiencies in Defendants' production despite repeated assurances that the responsive documents would be produced before the scheduled depositions, the depositions were not completed and remain open until all documents have been provided and Plaintiff has reviewed the additional documents to determine if further questioning may be necessary. On December 13, 2022, Plaintiff held another meet and confer with Defendants in person. Thereafter, on December 15, 2022, Plaintiff and Defendants further discussed the Defendants' discovery deficiencies via telephone. During the December 15th call, Defendants agreed to provide *all* responsive documents to Plaintiff by December 20, 2022. *See* Ex. 11, Plaintiff's Correspondence dated December 19, 2022.

Between December 20 and December 23, Defendants produced, among other documents; 2019 payroll registers (but the January 2019 payroll register is still missing); an operating agreement (but the agreement is for a separate entity that is not a party to this matter); two years of tax returns for Defendant Arafat Sheikhadam, with all schedules and the third year still missing; and names of employees who allegedly have a "familial relationship" with Defendants' clients in support of Defendants' Fourth Affirmative Defense (ECF No. 14, Answer) (but without providing any other information about the nature of the "familial relationship" or producing any documents concerning this relationship).

Discovery has been pending in this case for nearly seventy (70) days. Plaintiff provided Defendants many opportunities to cure the deficiencies in their document production and

responses, but Defendants' responses remain substantially deficient as set forth in detail below.

**II. Standard of Review**

A party may move for an order compelling discovery after providing notice to the relevant parties. Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. The motion may be made if: … (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Additionally, Fed. R. Civ. P. 26(e) requires Defendants to supplement their disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…" *See* Fed. R. Civ. P. 26(e)(1)(A). Accordingly, any party who fails to respond to discovery fully and supplement such responses, may be compelled by the Court to respond fully to that discovery.

**III. Argument**

**A. The Court Should Order Defendants to Produce all Responsive Documents to Plaintiff's Document Requests**

1. Defendants' responses and document production are deficient and incomplete.

Plaintiff's Discovery Requests were propounded over two months ago; however, deficiencies still exist as to Defendants' responses to Plaintiff's First Request for Production of Documents and Request for Interrogatories. In particular, based on the deposition testimony and other information learned in this matter, the following documents exist but have yet to be provided to Plaintiff: January 2019 payroll records for all entities, including the payroll register records; all employee timesheets for the relevant time period; Defendants' complete policy and procedures

manual; memoranda to employees concerning hiring and termination procedures; memoranda to employees concerning overtime; documents and information concerning the alleged familial relationship between Defendants' clients and their employees; and, all documents referenced in Defendants' responses to the interrogatories. *See* Ex. 1, Plaintiff's First Request for Production of Documents, Numbers 1 (all documents identified in response to Plaintiff's Interrogatories), 2 (all documents showing the hours worked by employees), 4 (all policy memoranda…concerning Defendants' pay policies), 11 (all documents that contain information upon which Defendants relied in asserting in their Answer that there is a "familial relationship" between the employees and Defendants' clients), and 15 (all manuals, handbooks, memoranda…provided to Defendants' employees.)

In addition, Defendants failed to provide any documentation related to the attorneys or other professionals that Defendants allegedly consulted, including the alleged attorney discussions concerning Defendants' overtime policies and practices on which Defendants rely in support of their affirmative defenses in this matter. *See* ECF No. 14, Defendants' Answer, ¶¶ 7-8; Ex. 1, Plaintiff's First Request for Production of Documents, Numbers 13 (all documents relied upon to support Defendants' defense that the FLSA violations were not willful), 14 (all documents related to Defendants' asserted good faith defense), and 25 (all documents relating to efforts made to ensure compliance with the FLSA).

Given Defendants failure to identify by bates numbers which documents requested in Plaintiff's Request for Production of Documents have been produced, Plaintiff cannot discern what other documents exist which have also not been provided. Therefore, Plaintiff requests that the Court order Defendants to provide all documents responsive to the Plaintiff's Document Requests and supplement its document request written responses to identify by bates numbers the documents produced for each request.

7

2. Defendants' objections to Plaintiff's Document Requests are without merit.

To the extent that Defendants rely on previously asserted objections for the withholding of the responsive documents, their objections should be overruled. Defendants asserted and reiterated during numerous phone calls with Plaintiff that several of the Plaintiff's Discovery Requests were "irrelevant" without further explanation. Merely characterizing a discovery request as "irrelevant" will not satisfy the opposing party's burden of showing with specificity why a request is objectionable. "Relevance objections are not 'general objections' but are rather thoroughly-explained 'common specific objections' that apply only to several specifically identified discovery requests." *Spendlove v. RapidCourt, LLC*, No. 3:18-CV-856, 2019 WL 7143664, at *4 (E.D. Va. Dec. 23, 2019) (internal citations omitted). For a relevance objection to be adequate, "it must be 'plain enough and specific enough so that the court can understand in what way the interrogatories [or document requests] are alleged to be objectionable.'" *Id*. The mere fact that responding to a discovery request will require the objecting party "to expend considerable time, effort and expense consulting, reviewing and analyzing 'huge volumes of documents and information' is an insufficient basis to object" to a relevant discovery request. *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996).

Defendants unilaterally decided that they will produce documents in response to Plaintiff's Discovery Requests on a "rolling basis," and failed to identify by bates number which documents requested in Plaintiff's Request for Production of Documents have been produced. While each party has a duty to supplement responses during discovery pursuant to Rule 26(e) upon learning that a response is *incomplete*, Defendants admitted they belatedly considered Plaintiff's Discovery Requests and have not searched for all the responsive documents. Defendants' counsel relayed that Defendants are a "two-women" shop, and it is burdensome on them to gather the requested,

responsive documents. *See* Ex. 7, Defendants' correspondence dated December 2, 2022. However, the Plaintiff's Discovery Requests and the burden of providing responsive documents and information is proportional to the needs of this case, and the Discovery Requests are reasonable and relevant to the claims and defenses. Thus, Defendants' objections should be overruled, and Defendants must produce all remaining responsive documents, and identify by bates numbers the responsive requests to which documents have been produced to date.

### B. The Court Should Order Defendants to Provide Full and Complete Responses to Plaintiff's Interrogatories Regarding Defendants' Reliance on the Alleged Advice of Counsel for their Compensation Policies at Issue

Plaintiff's Interrogatory Numbers 20-25 request factual information about Defendants' affirmative defenses and their compensation policies. *See* Ex. 1, Plaintiff's Discovery Requests. In response to the interrogatories, Defendants asserted they relied upon advice of counsel and other professionals for the illegal pay practices at issue. Defendants reiterated their reliance on counsel and other professionals during depositions in this matter. However, to date, Defendants have failed to identify these attorneys or other professionals in their interrogatory responses, nor have they identified or produced documents related to the alleged advice they received prior to violating the law. Importantly, the advice-of-counsel defense requires proof that Defendants relied on *advice they actually received*. Plaintiff's interrogatories request information about the names of the attorneys and professionals and the advice received; however, Defendants continue to fail to provide it.

1. Defendants' responses to Plaintiff's Interrogatory Numbers 20-25 are deficient.

Plaintiff's Interrogatories 20-25 inquire about the following: (1) Defendants' affirmative defense that their failure to pay overtime was not willful, ECF No. 14 (Sixth Affirmative Defense), (2) Defendants' affirmative defense that any alleged acts or omissions by Defendants were in good faith, ECF No. 14 (Seventh Affirmative Defense), (3) any steps taken by Defendants to determine if

9

their compensation policies complied with the Fair Labor Standards Act, including any conversations with third parties, and (4) the methods by which Defendants familiarized themselves with FLSA and incorporated it into their company's policies for timekeeping and remuneration.

To each of these interrogatories, Defendants stated in their supplemental response that they consulted "with other members of the homecare industry and consulted with counsel who advised Defendants about complying with the Act." Ex. 10, Defendants' Supplemental Responses. However, to date, Defendants have not identified the individuals they spoke to, the content to any such alleged conversation, and the timeframe for any such alleged conversation. Defendants must fully respond to these interrogatories and attest to the truthfulness of all supplemental responses, as required by Fed. R. Civ. P. 33(b)(1)-(2).

> 2. Defendants affirmatively rely on certain attorney-client communications for their defenses in this matter; therefore, the privilege is waived.

In addition to the insufficiencies identified above, Defendants objected to Interrogatory No. 24 on the basis of attorney-client privilege. *See* Ex. 2, Defendants' Responses to Plaintiff's First Set of Interrogatories. However, the extent to which any communication or document is privileged must be determined on an individual case-by-case basis and cannot be based on a blanket assertion by the party claiming the privilege. The burden is on the party claiming the privilege to present the underlying circumstances or facts demonstrating the existence of the privilege to the court and must "supply opposing counsel with sufficient information to assess the applicability of the privilege. . ..". *See Cappetta v. GC Services Ltd. Partnership*, 2008 WL 5377934 *4 (E.D. Va. 2008) (quoting *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593-94 (W.D.N.Y. 1996)) (holding that a party asserting privilege must expressly make the claim and describe the nature of documents not produced, without revealing privileged information.)

Defendants failed to identify any documents on their privilege log in response to Interrogatory Number 24. Moreover, Defendants specifically asserted their reliance on the advice of counsel for their affirmative defenses in this matter. ECF No. 14, Answer. By relying on attorney-client communications to support their defenses, Defendants put those communications at issue. *See* Ex. 12; *see also Scalia v. Medical Staffing of America, LLC et al.*, 2:18-cv00226-RAJ-LRL, at * 9 [ECF No. 227] (April 8, 2020) (holding that when defendants deliberately injected advice of counsel into the litigation by asserting it as an affirmative defense, they impliedly waived the attorney-client privilege with respect to the advice they received from their attorney and the information provided to attorney upon which the advice was based). Thus, any attorney-client privilege with respect to these communications is waived and the documentation should be produced.

### C. Plaintiff is Prejudiced by Defendants' Withholding of Documents.

Defendants' failure to produce responsive documents has severely prejudiced Plaintiff's ability to effectively litigate this matter. This case involves over $294,205.41 in back wages and an equal amount in liquidated damages due to at least ninety-two (92) employees. The aforementioned amount only accounts for two years of back wages because of Defendants' refusal to provide payroll records for the third year, 2019. Although Defendants finally produced 2019 payroll records on December 23, 2022, some of the records continue to be missing. This deficiency prevents Plaintiff from calculating a third year of back wages or identifying additional individuals who may be owed back wages because of Defendants' FLSA violations.

In addition, Defendants have failed to list most of the documents it has withheld in a privilege log, identify responsive documents by bates number in their responses, or apprise Plaintiff whether responsive documents exist for several of Plaintiff's requests. These failures prevent Plaintiff from measuring the full extent of Defendants' FLSA violations. The timeframe for

discovery in this case was a little over three months, and Defendants have already squandered two months with unnecessary delays. Defendants continue to engage in delay tactics. In light of Defendants' refusals to cooperate in the discovery process, and the near certainty that there will be no further change without Court intervention, Plaintiff respectfully requests an order compelling Defendants to comply with their duties under Fed. R. Civ. P. 33 and 34.

## IV.     CONCLUSION

Defendants have yet to take the necessary time and effort to provide full and complete discovery responses, including the production of documents identified by Defendants during their depositions. Discovery closes on February 10, 2023, and thus, Plaintiff respectfully requests the Court grant this motion to compel responses and order Defendants to produce all requested documents and provide full and complete responses to the interrogatories at issue within seven days of any order granting this Motion.

Respectfully Submitted,

U.S. DEPARTMENT OF LABOR

Seema Nanda
Solicitor of Labor

Mailing Address:

U.S. Department of Labor
201 12th Street South, Suite 401
Arlington, VA 22202
Phone: 202-693-9357
Fax: 202-693-9392
Kumar.Aditi@dol.gov
Seifeldien.Mohamed.E@dol.gov

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Deputy Regional Solicitor

Channah S. Broyde
Associate Regional Solicitor

Angela France
Wage and Hour Counsel

*/s/ Mohamed Seifeldein*
Mohamed Seifeldein

                Trial Attorney
                VA State Bar # 84424

                */s/ Aditi Kumar*
                Aditi Kumar
                Trial Attorney
                NY Bar # 5771928
                Admitted *Pro hac vice*

                Attorneys for Plaintiff

Date:  December 30, 2022

## CERTIFICATE OF SERVICE

I certify that on December 30, 2022, a true and correct copy of the forgoing Plaintiff's Motion to Compel Discovery Responses and Overrule Objections was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically notify Defendants by electronically serving a copy to Defendants' counsel:

William Blagogee, Esq.
Law Firm of William Blagogee, Pllc
Phone: (571)278-5739
Email: wblagogee@gmail.com

Zach Miller, Esq.
McClanahan Powers, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Phone: (703) 520-1326
Fax: (703) 828-0205
Email: zmiller@mcplegal.com

                */s/ Aditi Kumar*
                Aditi Kumar