IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARTIN J. WALSH, )<br>SECRETARY OF LABOR, )<br>UNITED STATES DEPARTMENT OF LABOR, )<br> )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>SERENITY HOME HEALTHCARE, LLC; )<br>SERENITY HOME HEALTHCARE – NORFOLK, )<br>LLC; SERENITY HOME HEALTHCARE – )<br>WARRENTON, LLC; SERENITY HOME )<br>HEALTHCARE – STERLING, LLC; )<br>HILDIGARD NANA OFORI; and ARAFAT )<br>SHEIKHADAM )<br> )<br>    Defendants. )<br>) | Civil Action No. 1:22-cv-803 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AND GRANT OF ADVERSE INFERENCE**

Pursuant to Rules 37 and 16 of the Federal Rules of Civil Procedure and the Court's inherent power, Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Plaintiff" or the "Secretary"), moves this Court to sanction the above-named Defendants for their failure to disclose an essential document concerning changes in their overtime policies that they circulated among employees in 2015 ("Overtime Memo"). Defendants have precluded Plaintiff from obtaining discovery related to the Overtime Memo. Plaintiff therefore requests the Court sanction Defendants by granting an adverse inference at trial. Specifically, the Secretary asks the Court to infer that the Overtime Memo discussed changes to the Department of Labor's 2015 regulations precluding third-party home healthcare agencies from claiming overtime

1

exemptions for companionship services or domestic service employment and declared that Defendants would not abide by this change in regulations.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 1, 2015, new Department of Labor regulations took effect that preclude third-party employers like home healthcare agencies from claiming an overtime exemption for employees engaged in companionship services or domestic service employment. 29 C.F.R. § 552.109(a), (c).[1] In 2021, the Department of Labor (the "Department") began investigating Defendants' overtime practices and determined that Defendants violated the FLSA. On July 15, 2022, the Secretary filed this FLSA overtime and recordkeeping violations case against Defendants. ECF No. 1. The Secretary's Complaint names as Defendants Serenity Home Healthcare, LLC; Serenity Home Healthcare – Norfolk, LLC; Serenity Home Healthcare – Warrenton, LLC; and Serenity Home Healthcare – Sterling, LLC (collectively, "Serenity" or "Defendant entities"), as well as Hildigard Ofori and Arafat Sheikhadam as individuals (together, Defendants). The Complaint alleges that Defendants willfully violated the FLSA from at least January 16, 2019, to the present by failing to pay overtime rates to employees who worked more than 40 hours in a workweek.

On September 20, 2022, the Court issued a Scheduling Order, which set the discovery deadline for February 10, 2023, pre-trial disclosures for February 16, 2023, and summary judgment for February 23, 2023. ECF No. 15. On October 19, 2022, the Secretary issued discovery in this matter. Among other things, the Secretary's Request for Production of Documents sought "[a]ll policy memoranda, notices to employees, memos to employees,

---

[1] *See also* U.S. Dep't of Labor: Wage and Hour Division, Fact Sheet: Application of the Fair Labor Standards Act to Domestic Service, Final Rule (September 2013), https://www.dol.gov/agencies/whd/fact-sheets/flsa-domestic-service.

handbooks, signed agreements, posted signs, emails, correspondence, or any other documents that set forth Serenity's pay policies concerning, including but not limited to policies concerning timekeeping, overtime, and employee recordkeeping during the relevant time period." *See* Ex. A, Plaintiff's Document Requests to Defendants ("Plaintiff's Document Request"), No. 4.

Plaintiff also conducted depositions, during which Plaintiff learned that Defendants created internal memoranda regarding FLSA and overtime pay, which was circulated to employees. In December 2022, Defendant Ofori provided deposition testimony that, in 2015, she consulted with an attorney regarding changes in the FLSA and the companionship exemption for home health aides and that, after this consultation, she prepared a memorandum for employees explaining that Serenity does not pay overtime. Ex. B, Ofori Tr. 140:11–141:12. Plaintiff specifically requested copies of such memoranda in written discovery and during the deposition. Ex. A, Plaintiff's Document Request; Ex. A1, Plaintiff's Interrogatories to Defendants; Ex. C, Ofori. 30(b)(6) Tr. 206:11–13. Defendants testified that Serenity retains a copy of each memorandum that is distributed to employees. Ex. C, Ofori 30(b)(6) Tr. 285:2–11.

After repeated requests for Defendants' discovery responses, including two detailed letters addressing the missing documents, in-person meetings, and multiple phone conversations, Defendants failed to fully respond to Plaintiff's Discovery Requests. After Defendants' fourth piecemeal production, the Secretary filed a Motion to Compel on December 30, 2022. ECF No. 32. On January 23, 2023, the Court held a hearing on the matter and ordered Defendants to produce all documents by January 18, 2023. ECF No. 38. On January 18, 2023, Defendants produced additional documents to the Secretary and submitted a status update to the Court. ECF No. 39. This status update included the representation that Defendants "will produce" a signed "Verification of Due Diligence" from Defendant Hildigard Ofori, stating that Defendants

3

performed a "thorough search of the documents" maintained by them and "produced all responsive documents in their possession" for Plaintiff's request for "[a]ll other policy memoranda, notices to employees, memos to employees, signed agreements, posted signs, emails, correspondence, or any other documents concerning Serenity's pay policies for the relevant time period (Jan. 16, 2019–present) (Doc. Request 4)." ECF No. 39, Verification of Due Diligence at ¶ 4.

On January 19, 2023, Defendants produced additional documents. On January 20, 2023, the Court held another hearing in this matter, granted Plaintiff's Motion to Compel and gave Defendants until January 27, 2023, to submit all outstanding documents and information to Plaintiff. ECF No. 45. Despite the Court's clear instructions to produce all "outstanding" documents, Defendants did not provide any additional memoranda in response to Plaintiff's Document Request No. 4.

Defendants' January 19, 2023 production included a document with the following statement: "I acknowledge that I have received a copy of the **New Home Health Labor Laws** from Serenity Home Healthcare, LLC **regarding Overtime Pay**. I further understand that if I have any questions, I may direct them to an agency personnel." *See* Ex. D, Employee Certification Page (emphasis added). Below this statement are the signatures of approximately 32 employees of Defendants and the date of October 25, 2015. The crucial source document, Overtime Memo, was not produced.

On February 7, 2023, Plaintiff continued its deposition of Serenity through Defendant Ofori as its corporate representative. Directly contradicting Serenity's earlier testimony after presentation of this document during the deposition, Serenity testified that they did not issue any memoranda regarding changes in the overtime laws in 2015, that Serenity operated on the

4

assumption that its employees were exempt from overtime and therefore did not discuss the topic, and that no update was sent to employees when the Department's regulations regarding the companionship exemption changed in 2015. Ex. E, Ofori Continued 30(b)(6) Tr. 23:6–19, 24:20–25:7. When confronted with the document containing the signature page contained in Defendants' production with the reference to the Overtime Memo, Defendant Ofori, as Serenity's corporate representative for the deposition, testified she did not know anything about this document. Ex. E, Ofori Continued 30(b)(6) Tr. 27:8–28:6; 29:3-12 (Defendant Ofori testified that she did not prepare this document and did not know what the Overtime Memo contained or where to find it). Defendant Ofori indicated that it was Serenity's normal practice to have employees sign to acknowledge receipt of memoranda distributed by Serenity to their employees. Ex. E, Ofori Continued 30(b)(6) Tr. 29:12–30:5. Defendant Ofori also acknowledged that policies regarding the payment of overtime were among the topics designated for deposition. Ex. E, Ofori Continued 30(b)(6) Tr. 28:14–29:2. However, Serenity testified that it did not have any information about the document they produced. Ex. E, Ofori Continued 30(b)(6) Tr. 28:7–13 (Serenity testified that Defendant Sheikhadam must have located this signature page for production, and Defendant Ofori had not reviewed it or asked Defendant Sheikhadam any questions about it). To date, Defendants have failed to produce a copy of the Overtime Memo to Plaintiff, and the time for Defendants to do so has expired. On February 8, 2023, Defendants sent Plaintiff a "verification" stating that they have produced all documents in their possession responsive to Plaintiff's Request for Production of Documents. Ex. F, Defendants' Verification of Due Diligence.

Despite Defendants' failure to produce the Overtime Memo and their now lack of memory about this crucial document, there is evidence of its contents. Declarations from

Serenity's employees provide that Defendants instructed their employees to sign a statement acknowledging receipt of Serenity's New Home Health Labor Laws which stated the FLSA laws changed but Serenity did not pay overtime. Ex. G, Employee Declaration.

## II.   LEGAL STANDARD

Rule 37(c)(1) of the Federal Rules of Civil Procedure addresses the failure to disclose during discovery. Pursuant to Rule 37(c)(1)(C), a court may impose appropriate sanctions for the failure to disclose, including those listed in Rule 37(b)(2)(A)(i)–(vi). The sanctions listed in Rule 37(b)(2)(A) are: (i) directing that certain facts be taken as established for purposes of the action; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matter evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceedings in whole or in part; or (vi) rendering a default judgment against the disobedient party." "As long as the sanctions do not involve dismissal, they fall squarely within the jurisdiction of the magistrate judge." *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 3895933, at *11 (E.D. Va. Aug. 8, 2014), objections overruled, 39 F. Supp. 3d 752 (E.D. Va. 2014), and aff'd sub nom *Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572 (4th Cir. 2015) (quotation marks omitted).

In determining whether sanctions are appropriate under Rule 37(b), the Fourth Circuit applies a four-part test: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–05 (4th Cir. 1977)); *see also Flame S.A. v. Industrial Carriers, Inc.,* No. 2:13-CV-658, 2014 WL 3895933, at

\*12 (E.D. Va. Aug. 8, 2014).

A defendant's "inconsistent answers as to why it missed discovery deadlines and its continued failure to miss the deadlines despite adequate warnings from the court" are evidence of the party's bad faith. *Anderson*, 155 F.3d at 504; *see also Quan v. TAB GHA F&B, Inc.*, No. CV TDC-18-3397, 2021 WL 1652817, at \*2 (D. Md. Apr. 26, 2021) ("Bad faith can be established by 'noncompliance [or] haphazard compliance . . . [with] discovery orders.'" (quoting *LeCompte v. Manekin Constr., LLC*, 573 B.R. 187, 195 (D. Md.), aff'd, 706 F. App'x 811 (4th Cir. 2017))); *see also Handy v. Shaw, Bransford, Veilleux & Roth*, 2006 WL 3791387, at \*8 (D.D.C. Dec. 22, 2006) ("[I]n light of the multiple warnings and second-chances that Plaintiff has been given, her persistent failure to comply with discovery and discovery-related Orders by this Court . . . cannot be viewed as anything other than willful.").

In evaluating prejudice, a court must consider how the absence of missing evidence would impair the moving party's ability to establish its case at trial. *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 504–05 (4th Cir. 1977). Prejudice includes both "procedural prejudice— evasiveness, delay, and obfuscation hindering a party's ability to develop its case . . .—as well as substantive prejudice—hindering a party's ability to prosecute a claim or present evidence at trial." *First Mariner Bank v. Resolution Law Grp., P.C.*, 2014 WL 1652550, at \*3 (D. Md. Apr. 22, 2014). Prejudice may result "from the haphazard manner of production and the incompleteness of the discovery, as well as from the uncertainty as to the accuracy of information already provided." *LeCompte*, 573 B.R. at 196 (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 91 (4th Cir. 1989)). Additionally, "[t]he deterrence and lesser sanctions factors are somewhat intertwined" because bad faith "demand[s] some form of punishment," and it must be sufficient to deter such conduct in the future.

7

*Anderson,* 155 F.3d at 505.

### III. ARGUMENT

**A. Sanctions are Warranted against Defendants because they Intentionally Concealed a Crucial Adverse Document from Plaintiff.**

Defendants withheld the Overtime Memo from the Secretary in bad faith, causing prejudice by undermining the Secretary's ability to prosecute the case. It is therefore appropriate for the Court to impose sanctions pursuant to Rule 37(c)(1)(C). An adverse inference is the least drastic sanction that will be an effective deterrent for this conduct.

**1. Defendants acted in bad faith when they failed to provide the missing Overtime Memo as part of their document production.**

Defendants acted in bad faith by withholding the Overtime Memo in their document production. In December 2022, Serenity, via their corporate representative, Defendant Ofori, testified at great length regarding the existence of a memorandum to employees stating that Serenity does not pay overtime, no doubt because it was offered in support of Defendants' defense that their overtime policy was based on the advice of counsel. For example, when asked if Serenity had records of a conversation with an attorney about overtime coverage, Serenity responded, "I think that probably would be feasible and the number of – number of – I'll not say agreements or pointer or addendums I made, I call them memos in the office. So it will be shown in that because any knowledge I have, I just try to put it there." Ex. C, Ofori 30(b)(6) Tr. 206:5–10. Similarly, when asked how Serenity communicated to employees that it did not pay overtime, Serenity stated,

> A. Like I said, I believe because usually I listen and write and adjust, I'm thinking definitely it will be one of the memos. One of the memos would contain that. After I get to know something, I put it down and try to enforce it.
>
> Q. So when you talk about these memos, is it just information that is sent out or do employees have to sign anything to -- stating that they received these memos?

> A. Sometimes they have to sign it. Sometimes, too, they have to get a copy and then we keep a copy on file in the memo book.

Ex. C, Ofori 30(b)(6) Tr. 286:9–20. Moreover, Serenity was clear that Serenity could provide these memoranda to the Secretary because "[w]e keep copies of every memo that goes out." Ex. C, Ofori 30(b)(6) Tr. 285:10–11.

When testifying in her personal capacity, Defendant Ofori was even more explicit that after consulting with an attorney in 2015, she had written a memorandum indicating that Serenity did not pay overtime:

> Q. You specifically asked [the attorney] about the overtime law?
>
> A. Yes. And as soon as I went there, there is a form, I think it's with Ms. Arafat, I just went there to update and do a new -- a -- it was, like, whatever, I put together things, and then I gave it out for employees to understand that we -- we do not pay overtime.
>
> Q. Do you mean you put together a memo to give out to employees?
>
> A. Yes.

Ex. B, Ofori Tr. 141:2–12.

Soon after the depositions in December 2022, however, it became clear that Defendants would not be able to substantiate their defense that Serenity's overtime policy was based on advice of counsel. Defendants failed to identify the attorney with whom they claimed to have consulted in 2015 and upon whose alleged advice Defendant Ofori crafted the Overtime Memo. The attorneys that Defendants did identify had no record or recollection of having consulted with Defendants during the relevant period or on the relevant topic. Ex. H, Declarations of Attorneys (stating that they did not provide FLSA advice to Defendants.) Realizing that they would not be able to escape responsibility for the Overtime Memo by claiming it was based on legal advice, Defendants failed to produce the Overtime Memo.

9

That the Overtime Memo was withheld in bad faith is further supported by the inconsistencies between Serenity's and Defendant Ofori's deposition testimony in December 2022 and her testimony during her continued deposition as Serenity's corporate representative on February 7, 2023. Whereas in December 2022, Serenity's testimony is clear that in 2015, Defendant Ofori drafted a memorandum notifying employees that Serenity did not pay overtime, in February 2023, Serenity testified that it did not issue any memorandum regarding changes in the overtime laws in 2015, that Serenity operated on the assumption that its employees were exempt from overtime and therefore did not discuss the topic, and that no update was sent to employees when the Department's regulations regarding the companionship exemption changed in 2015. Ex. E, Ofori Continued 30(b)(6) Tr. 23:6–19. When confronted with the signature page contained in Defendants' production with the reference to the "New Home Health Labor Laws . . . regarding Overtime Pay," Defendant Ofori, as Serenity's corporate representative, testified that she did not recognize the signature page, did not prepare the page or the document it referenced, and did not know what that Overtime Memo contained or where to find it. Ex. E, Ofori Continued 30(b)(6) Tr. 27:8–28:6; 29:3-12.

Even assuming Defendant Ofori was not familiar with the signature page produced by Serenity or its associated Overtime Memo, this does not undermine the evidence of bad faith. Defendant Ofori appeared as the designated corporate representative for the Defendant entities. Ex. E, Ofori Continued 30(b)(6) Tr. 27:8–13. She acknowledged that policies regarding the payment of overtime were among the topics designated for deposition. Ex. E, Ofori Continued 30(b)(6) Tr. 28:14–29:2. However, Defendant Ofori was not prepared to discuss the relevant documents in Defendants' production. Ex. E, Ofori Continued 30(b)(6) Tr. 29:3–11.

### 2. Defendants' actions have prejudiced the Secretary in pursuing this matter.

The unfair prejudice suffered by the Secretary as a result of Defendants' concealment of the Overtime Memo is significant. The Secretary is entitled to recover a third year of back wages for a willful violation of the FLSA overtime regulations. *See* 29 U.S.C. § 255(a). It is the Secretary's burden to show that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by" the FLSA. *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011). Thus, a memo that discussed the 2015 changes to the FLSA overtime regulations and Serenity's policy not to pay overtime would be direct evidence that Defendants' failure to pay overtime was willful. Defendants purposefully hid evidence of their willful failure to pay overtime, jeopardizing the Secretary's case and directly impacting the recovery the Secretary may obtain on behalf of the affected employees. *Wilson*, 561 F.2d at 505. Therefore, Defendants' actions and their disregard for this Court's orders and the Federal Rules of Civil Procedure have materially prejudiced the Secretary and impair his ability to establish his case at trial.

### 3. A lesser drastic sanction will not suffice given Defendants' intentional concealment, and deterrence is required to prevent future violations.

As a result of Defendants' discovery violations and misconduct, the Secretary requests the Court grant an adverse inference that the Overtime Memo discussed the changes to Department of Labor regulations which required third party employers, such as Serenity, to pay overtime to their home healthcare aides. The sanctions Plaintiff requests are commensurate with and directly related to Defendants' misconduct and are necessary to deter similar violations in the future. The Court may infer from the fact that Defendants withheld the Overtime Memo that its content is unfavorable to Defendants. *See Sines v. Kessler*, 3:17-cv-00072, 2021 WL 1208924, at *9 (W.D. Va. Mar. 30, 2021) (granting adverse inference instruction as a sanction

under Rule 37(b)(2) and (e) because defendant's agents' "failure to preserve and produce materials that naturally would have elucidated a fact at issue permits an inference that they knew giving such information to Plaintiffs would have exposed facts unfavorable to [the defendant] or its case"). Additionally, the reference to the Overtime Memo as addressing the "New Home Health Labor Laws . . . regarding Overtime Pay" and the dates on the signature page support the inference that the Overtime Memo discussed the regulatory changes that precluded home healthcare agencies from using domestic service or companionship overtime exemptions that came into effect in 2015.

### B.  Alternatively, the Court Should Sanction Defendants under its Inherent Power.

The Court may also sanction Defendants for their discovery violations under its inherent authority. "[I]t is well established that a federal court may wield its inherent sanctioning powers when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *LeCompte*, 573 B.R. at 192 (citing *In re Jemsek Clinic, P.A.*, 850 F.3d at 157, quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)). The Court "must and does have the inherent power to impose order, respect, . . . and compliance with lawful mandates." *Projects Mgmt. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013) (*quoting United States v. Shaffer Equipment Co.*, 11 F.3d 450, 461 (4th Cir. 1993). The Court's inherent power includes the ability to do "whatever is reasonably necessary to deter abuse of the judicial process." *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) (en banc).

The Court should use its inherent power to sanction Defendants for withholding material evidence in bad faith, resulting in prejudice to the Secretary as discussed above.

## IV.   CONCLUSION

As a result of Defendants' discovery violations, the Secretary respectfully requests that this Court grant Plaintiff's Motion and grant an adverse inference at trial that Defendants' Overtime Memo (i) discussed the changes to Department of Labor regulations which required third party employers, such as Serenity, to pay overtime to their home healthcare aide employees, (ii) but stated that Serenity would not pay overtime to their employees.

Respectfully submitted,

Mailing Address:   UNITED STATES DEPARTMENT OF LABOR

U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-9357 (voice)
(202) 693-9392 (fax)
seifeldein.mohamed.e@dol.gov
kumar.aditi@dol.gov

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Deputy Regional Solicitor

Channah S. Broyde
Associate Regional Solicitor

Dated: March 3, 2023

Angela H. France
Wage and Hour Counsel

*/s/ Mohamed Seifeldein*
Mohamed Seifeldein
Trial Attorney
VA State Bar # 84424

*/s/ Aditi Kumar*
Aditi Kumar
Trial Attorney
NY Bar # 5771928
Admitted *Pro hac vice*

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on March 3, 2023, the foregoing Plaintiff's Memorandum in Support of Plaintiff's Motion for Sanction and Grant of Adverse Inference was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically notify Defendants by electronically serving a copy to Defendants' counsel:

William Blagogee, Esq.
Law Firm of William Blagogee, PLLC
Phone: (571) 278-5739
wblagogee@gmail.com

Zach Miller
McClanahan Powers, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Phone: (703) 520-1326
Fax: (703) 828-0205
zmiller@mcplegal.com

/s/ Aditi Kumar
Aditi Kumar