# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| JULIE SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:22-cv-803 ) |
| SERENITY HOME HEALTHCARE, LLC; SERENITY HOME HEALTHCARE – NORFOLK, LLC; SERENITY HOME HEALTHCARE – WARRENTON, LLC; SERENITY HOME HEALTHCARE – STERLING, LLC; HILDIGARD NANA OFORI; and ARAFAT SHEIKHADAM | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM REGARDING THE NOTICE OF BANKRUPTCY

Plaintiff Julie Su, Acting Secretary of Labor, United States Department of Labor, files this Reply to the memorandum filed by Defendants Arafat Sheikhadam and Hildigard Ofori regarding their bankruptcy petitions and the automatic stay pursuant to 11 U.S.C. §362(b)(4). Defendants' bankruptcy should have no impact on the proceedings in this Court, and the Court should proceed to rule on the issues in this case, including, but not limited to, Plaintiff's motion for summary judgment in its entirety. While any effort by the Secretary to collect under a judgment by this Court would be subject to the oversight of the Bankruptcy Court in accordance with the Bankruptcy Code, this lawsuit is not a monetary collection action. The Bankruptcy Code permits the Secretary to attempt to obtain what she seeks in this case: a judgment against all of the Defendants, including Ofori and Sheikhadam, for both monetary and injunctive relief.

I.  ARGUMENT

This matter is exempt from the automatic stay under the police and regulatory power exception and may proceed to judgment during the pendency of Defendants Ofori and Sheikhadam's bankruptcy proceedings. In Defendants' memorandum, they ignore all of the cases - including the Eastern District of Virginia cases - that have held that the police and regulatory exemption applies to FLSA enforcement actions by the Secretary of Labor, instead choosing to focus exclusively on a "peculiar" decision from the Sixth Circuit in a hot goods case. *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 382 (6th Cir. 2001) (noting the "peculiar circumstances" of the case). Defendants' reliance is misplaced. *Hospital Staffing* is factually distinguishable from the instant action and is inapplicable. Moreover, the application of Defendants' position would impair the core remedial purposes of the FLSA. *See Al Stewart v. Holland Acquisitions, Inc.,* No. 2:15-CV-01094, 2021 WL 1037617, at *3 (W.D. Pa. Mar. 18, 2021).

**A. The Exception to the Automatic Stay Provision Allows For Entry of Both Monetary and Non-Monetary Judgments.**

In this matter, the Secretary seeks to vindicate the public interest in ensuring that employees are properly compensated for their work, and therefore, the exception to the automatic stay provision allows this Court to proceed to rule on all issues. Courts have consistently acknowledged "the important public interest in restraining violations of the FLSA's minimum wage and overtime provisions" and in preventing "unfair labor competition in the market by companies who pay substandard wages." *Chao v. BDK Industries*, *LLC*, 296 B.R. 165, 168-69 (C.D. Ill. 2003) (exempting the Secretary from the automatic stay because "the DOL must be able to enforce the FLSA's minimum wage and overtime provisions 'uniformly without regard to the debtor's position in the bankruptcy court'") (quoting *Brock v. Rusco Industries,*

*Inc.*, 842 F.2d 270, 273 (11th Cir. 1988)). These are the same public policy interests that the Secretary seeks to advance through this action, namely ensuring future compliance with the FLSA and eliminating unfair competition from employers who refuse to comply with the FLSA.

FLSA overtime enforcement actions brought by the Secretary serve several public policy goals. They protect the market from unfair competition by companies, like Serenity, that could gain a competitive advantage by underpaying their employees. 29 U.S.C. § 202. They prevent the spread among the states of unlawful "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Id.* They prevent unnecessary labor disputes. *Id.* They allow a court to order an employer to stop violating the FLSA, thereby protecting current and future employees from future violations, 29 U.S.C. § 217. In addition, they set valuable legal precedents that can protect similarly overworked and underpaid employees.

For these reasons, myriad courts have held that the police and regulatory exemption applies to FLSA enforcement actions by the Secretary of Labor, including non-monetary judgments. *See Martin v. Chambers*, 154 B.R. 664, 666 (E.D. Va. 1992) ("as to Plaintiff's *action to enjoin and restrain* Defendant from further violation of FLSA, this Court is not required to grant a stay of the proceedings…[i]n addition, this Court has authority to enforce its judgment *regarding the action to enjoin and restrain Defendant*" and this Court is "not stayed from adjudicating Defendant's liability for back wages and the amount of such wages…")(emphasis added); *see also Acosta v. JM Osaka, Inc.,* No. 1:17CV559, 2017 WL 11505008, at *2 (E.D. Va. Sept. 15, 2017) (holding that the action was "exempt from the automatic stay under the police and regulatory power exception set forth in § 362(b)(4) of the Bankruptcy Act and may proceed to judgment during the pendency of defendants' bankruptcy proceedings"), *Solis v. Makozy*,

3

2012 WL 1458232, at *1 (W.D. Pa. Apr. 27, 2012) ("[t]he Secretary is correct that cases filed by the Department of Labor to enforce the wage and hour regulations of the FLSA fall within the regulatory and police powers exception"); *accord Donovan v. Timbers of Woodstock Restaurant*, 19 B.R. 629, 630 (N.D. Ill. 1981) ("[t]his Court finds FLSA enforcement proceedings plainly constitute an exercise of 'police or regulatory power' and are therefore within the exception to the automatic stay provision."); *Brock v. Rusco Indus., Inc.*, 842 F.2d 270, 273 (10th Cir. 1988) (FLSA); *Chao v. Mexico City Restaurant, Inc.*, 2005 WL 4889254 at *1-2 (S.D. Ind. 2005); *Chao v. BDK Industries, L.L.C.*, 296 B.R. 165, 168-9 (C.D. Ill. 2003) (collecting cases); *United States v. LTV Steel Co.*, 269 B.R. 576, 581 (W.D. Pa. 2001) ("the stay provision was particularly vulnerable to abuse by debtors improperly seeking refuge under the stay in an effort to frustrate necessary governmental functions").

### B. The Sixth Circuit's *Hospital Staffing* Decision is Inapplicable to this Matter.

Moreover, the Sixth Circuit decision in *Hospital Staffing* relied upon by Defendants is inapplicable to this matter. In *Hospital Staffing*, the Secretary sought a temporary restraining order under the FLSA's "hot goods" provision to enjoin the movement not of "goods" in the traditional sense, but of "records, including clinical patient reports and billing information" in interstate commerce produced by a company that was alleged to have violated the FLSA. *Chao v. Hospital Staffing*, 270 F.3d 374, 379 (6th Cir. 2001). The trustee of the bankrupt corporation in *Hospital Staffing* had sought the records in order "to generate accounts receivable" by "gather[ing] information from the records in order to bill customers for services rendered." *Hospital Staffing*, 270 F.3d at 392. The Secretary argued that any funds collected under the accounts receivable would be "tainted" as a result of the debtor's FLSA violations, and therefore sought the temporary restraining order to freeze the movement of the records until the taint from

4

the records was lifted by payment of the back wages owed to employees who had produced the records without being properly compensated. *Id.* at 380. The trustee argued the Secretary's action violated the automatic stay, whereas the Secretary argued that it fell within the "police and regulatory powers" exception to the stay.

The district court issued a preliminary injunction enjoining the debtor from shipping these records. *Id.* at 378. However, on appeal, the Sixth Circuit dismissed the injunction holding that the district court did not have jurisdiction because the Secretary's action was not excepted from the automatic stay. *Id.* The Sixth Circuit recognized that FLSA hot goods cases normally fell within the police and regulatory exemption because they protected the stream of commerce from "the unfair competition that results when products of underpaid workers enter interstate commerce." *Id.* at 393 (*citing Citicorp Indus. Credit, Inc. v. Brock*, 483 U.S. 27, 38-39 (1987) and *Brock v. Rusco Indus., Inc.*, 842 F.2d 270, 273 (11th Cir. 1988)). But, in this particular case, the Sixth Circuit determined that the medical records had no "intrinsic value," would not be "sold in interstate commerce," and could be used "only to generate accounts receivable." Id. at 392. "Viewed in light of the particular facts in this case," the Sixth Circuit reasoned that the suit would not result in unfair competition, which is one of the public purposes of the "hot goods" provisions. *Id.* at 382.

The Sixth Circuit explicitly limited the *Hospital Staffing* holding to the "peculiar circumstances" of its case. *Id.* at 382; accord *In re FirstEnergy Sols. Corp.*, 945 F.3d 431, 454 n12 (6th Cir. 2019) (declining to extend Hospital Staffing Services because that decision was "limited to the peculiar circumstances of [its] case"); *Solis v. Koresko*, 2013 WL 4594847 at *2 (E.D. Pa. Aug. 29, 2013) (ERISA case) (refusing to follow Hospital Staffing). Unlike in *Hospital*

*Staffing*, the Secretary is not seeking a hot goods injunction in this case. The Secretary is making no effort to obtain any advantage in the bankruptcy proceeding.

## II. CONCLUSION

For the foregoing reasons, the bankruptcy filings of Defendants Ofori and Sheikhadam have no effect on this litigation and this Court should proceed to rule on all issues.

                                                Respectfully submitted,

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-9357 (voice)
(202) 693-9392 (fax)
seifeldein.mohamed.e@dol.gov
kumar.aditi@dol.gov


Dated: April 14, 2023

UNITED STATES DEPARTMENT OF LABOR

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Deputy Regional Solicitor

Channah S. Broyde
Associate Regional Solicitor

*/s/ Angela H. France*
Angela H. France
Wage and Hour Counsel
VSB #46862
france.angela.h@dol.gov

Mohamed Seifeldein
Trial Attorney
VA State Bar # 84424

Aditi Kumar
Trial Attorney
NY Bar # 5771928
Admitted *Pro hac vice*

Attorneys for Plaintiff

6

## CERTIFICATE OF SERVICE

  I certify that on April 14, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically notify Defendants by electronically serving a copy to Defendants' counsel:

William Blagogee, Esq.
Law Firm of William Blagogee, PLLC
Phone: (571) 278-5739
wblagogee@gmail.com

Zach Miller
McClanahan Powers, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Phone: (703) 520-1326
Fax: (703) 828-0205
zmiller@mcplegal.com

                */s/ Angela H. France*